UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GIGI MARIE PERRY, | ) Case No. CV 18-01441-AS |
| Plaintiff, | ) **MEMORANDUM OPINION** |
| v. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**PROCEEDINGS**

On February 21, 2018, Plaintiff filed a Complaint seeking review of the denial of her application for Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12). On July 18, 2018, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 15-16). On October 2, 2018, the parties filed a Joint Stipulation ("Joint Stip.") setting

forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 19).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On June 12, 2014, Plaintiff, formerly employed as a data entry clerk, an in-home support services provider, and in the student support services department at Santa Monica College (see AR 40-44, 177), filed an application for Supplemental Security Income alleging a disability since January 1, 2011. (See AR 20, 146-54). On September 16, 2016, the Administrative Law Judge ("ALJ"), Robin Rosenbluth, heard testimony from Plaintiff (represented by counsel) and vocational expert Carmen Roman. (See AR 38-71). On November 30, 2016, the ALJ issued a decision denying Plaintiff's application. (See AR 20-32). After determining that Plaintiff had severe impairments -- "bilateral carpal tunnel syndrome, left shoulder strain and bursitis, tendonitis, and chronic obstructive pulmonary disease" (AR 22)[1] --, but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments (AR 24-25), the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform light work[3] with

---

[1] The ALJ found that Plaintiff's other impairments -- hypertension and affective disorder – were non-severe. (AR 22-24).

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 416.945(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."
(continued...)

the following limitations: cannot reach overhead with non-dominant left upper extremity, and can occasionally reach in all other directions with left upper extremity; can frequently handle, finger and feel with bilateral upper extremities; can frequently climb ramps and stairs, but cannot climb, ladders, ropes or scaffolds; can frequently balance, can occasionally stoop, kneel, crouch, and crawl; can occasionally push and pull with left upper extremity; cannot have concentrated exposure to dust, fumes or other pulmonary irritants. (AR 25-30). Relying on the vocational expert's testimony at Step Five, the ALJ found that Plaintiff could perform the following jobs existing in significant numbers in the national economy -- parking lot cashier (Dictionary of Occupational Titles ["DOT"] 211.462-010); labeler (DOT 920.687-126); and information clerk (DOT 237.367-018) (AR 30-31) -- and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 31).

Plaintiff requested that the Appeals Council review the ALJ's Decision. (See AR 142). The request was denied on December 18, 2017. (See AR 1-5). The ALJ's Decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See

---

³ (...continued)
20 C.F.R. § 416.967(b).

Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).[4]

**PLAINTIFF'S CONTENTION**

Plaintiff solely alleges that the ALJ erred in relying on the vocational expert's testimony to determine that Plaintiff could perform certain jobs in significant numbers in the national economy. (See Joint Stip. at 4-8, 12-13).

//
//
//

---

[4] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(An ALJ's decision will not be reversed for errors that are harmless).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from legal error.

**A.    The ALJ Properly Relied on the Vocational Expert's Testimony**

Plaintiff asserts that the ALJ erred in relying on the vocational expert's testimony to find that Plaintiff could perform the parking lot cashier, labeler and information clerk jobs based on the ALJ's RFC assessment, specifically, the ALJ's findings that Plaintiff "cannot reach overhead with her non-dominant left extremity and can only occasionally reach in all other directions with her left upper extremity" (AR 25). Plaintiff claims that the vocational expert's testimony that Plaintiff could perform those jobs conflicts with the description of those jobs in the DOT regarding the reaching requirements, and that the ALJ was required, but failed, to elicit from the vocational expert a reasonable explanation for the deviation from the DOT. (See Joint Stip. at 4-8, 12-13). Defendant asserts that the ALJ properly relied on the vocational expert's testimony because the testimony did not conflict with the DOT with respect to the reaching requirements. (See Joint Stip. at 8-12).

At the administrative hearing, the ALJ asked the vocational expert whether there are any representative light jobs in the national economy that a hypothetical person with Plaintiff's age, education and work experience  --   who, with the same limitations as those found in

Plaintiff's RFC, including not reaching overhead with her non-dominant left arm and occasionally reaching in all other directions with her left arm -- can perform. The vocational expert identified the following jobs: parking lot cashier (DOT 211.462-010, light, SVP-2, 300,000 nationally), labeler (DOT 920.687-126, light SVP-2, 25,000 nationally), and information clerk (DOT 237.367-018, light SVP-2, 14,000 nationally). (See AR 66-67). The vocational expert testified that her testimony was consistent with the DOT. (AR 68).

After citing the vocational expert's testimony (except for a misstatement about the number of parking lot cashier jobs), and after finding that the "vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles," the ALJ concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (See AR 31).

An ALJ may rely on the DOT and a vocational expert's testimony to determine whether a claimant, given his or her age, education, work experience and residual functional capacity, "actually can find some work in the national economy." Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015); Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009); 20 C.F.R. § 416.966(e); 20 C.F.R. § 416.920(g). However, an ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007)(citing SSR 00-4p). If there is a

conflict between the vocational expert's testimony and the DOT, an ALJ must determine whether there is a reasonable explanation for the deviation. Id.; Zavalin, 778 F.3d at 846 ("When there is an apparent conflict between the vocational expert's testimony and the DOT -- for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear to be more than the claimant can handle -- the ALJ is required to reconcile the inconsistency."; citing Massachi, 486 F.3d at 1153-54); see also Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)("[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation."). The conflict between the vocational expert's testimony and the DOT must be "obvious or apparent" -- meaning, "the testimony must be at odds with the [*DOT's*] listing of job requirements that are essential, integral, or expected" -- in order to trigger the ALJ's obligation to inquire further. Gutierrez v. Colvin, 844 F.3d 804, 808)(9th Cir. 2016); Lamear v. Berryhill, 865 F.3d 1201, 1205 (9th Cir. 2017);

The occupations of parking lot cashier and information clerk require frequent reaching, see DOT 211.462-010, 1991 WL 671840; DOT 237.367-018, 1991 WL 672187, and the occupation of labeler requires constant reaching, see DOT 920.687-126, 1991 WL 687992. Reaching is defined as "extending the hands and arms in any direction." SSR 85-15.

Contrary to Plaintiff's assertion (see Joint Stip. at 6), there was no obvious conflict between the vocational expert's testimony and the DOT. The DOT descriptions for each of the three occupations did not include a requirement for using both arms to reach, and "the use of two

7

arms is not necessarily required for jobs that require reaching and handling." Salcido v. Astrue, 2012 WL 2160346, *4 (C.D. Cal. June 13, 2012)(citations omitted). Since there was no obvious or apparent conflict between the vocational expert's testimony and the DOT, the ALJ did not err in relying on the vocational expert's testimony. See Gutierrez, 844 F.3d at 808 ("Here, the ALJ didn't err because there was no apparent or obvious conflict between the expert's testimony that Ms. Gutierrez could perform as a cashier, despite her weight bearing and overhead reaching limitations with her right arm and the [*DOT's*] general statement that cashiering requires frequent reaching."); Butt v. Berryhill, 727 Fed.Appx. 913, 914 (9th Cir. 2018)("Even if Butt was unable to perform any reaching with her right arm, there is no evidence that her left arm has any limitations with above-shoulder reaching. The vocational expert's testimony regarding Butt's ability to perform her past work as a preschool teacher is thus consistent with the DOT."); but see Lamear, 865 F.3d at 1205 ("[W]e cannot say that, based on common experience, it is likely and foreseeable that an office helper, mail clerk, or parking lot cashier with limitations on his ability to 'handle, finger and fee with the left hand' could perform his duties. The DOT's lengthy descriptions for these jobs strongly suggest that it is likely and foreseeable that using both hands would be necessary to perform 'essential, integral, or expected' tasks in an acceptable and official manner.").

//

//

//

8

**ORDER**

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 28, 2018

```
                                        /s/
                              ─────────────────────────
                                    ALKA SAGAR
                           UNITED STATES MAGISTRATE JUDGE
```